IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Yolanda Ladetta Bryant, | ) Civil Action No.: 1:18-1782-BHH |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Andrew Saul, Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Yolanda Ladetta Bryant's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* the Social Security Act, 42 USC § 405(g) (explaining action survives "notwithstanding any change in the person occupying the office of Commissioner of Social Security").

## BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on June 2, 2016, wherein she alleged a disability onset date of March 30, 2016. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on September 26, 2017. On October 19, 2017, the ALJ issued a partially favorable decision finding Plaintiff disabled from March 30, 2016, through June 27, 2017, but also finding that as of June 28, 2017, Plaintiff experienced a medical improvement and was no longer disabled as of that date. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on June 28, 2018.

## STANDARDS OF REVIEW

**I.   The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

## I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The

3

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 30, 2016, the alleged onset date. Next, the ALJ determined that from March 30, 2016, through June 27, 2017, the period during which Plaintiff was under a

4

disability, Plaintiff had the following severe impairments: right below-the-knee amputation, obesity, and diabetes mellitus. The ALJ also found the nonsevere impairment of hypertension. However, the ALJ found that from March 30, 2016, through June 27, 2017, Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that from March 30, 2016, through June 2, 2017, Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that Plaintiff could stand for two hours in an eight-hour workday; could never push/pull with right lower extremity; could never climb ladder/rope/scaffolds; could occasionally climb ramp/stairs, balance, kneel, crouch, and crawl; could frequently stoop; must avoid concentrated exposure to hazards; and would need to use a walker only to get to and from the workstation. In addition, the ALJ found that Plaintiff would have interruptions from the work station on a daily basis, the duration of which would be at the sole discretion of Plaintiff. For example, the ALJ explained that Plaintiff may experience pain that would interfere with her ability to attend the workstation and cause her to be offer her task, and that the absences could be minutes one day and multiple hours the next day, or an entire day or multiple days, as needed. As a result, the ALJ found that from March 30, 2016, through June 27, 2017, Plaintiff could not perform any past relevant work and that, considering her age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that she could perform. Therefore, the ALJ found that Plaintiff was disabled from March 30, 2016, through June 27, 2017.

As of June 28, 2017, the ALJ found that Plaintiff had not developed any new

impairments, and that Plaintiff had not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that medical improvement occurred as of June 28, 2017, the date Plaintiff's disability ended, and that the medical improvement was related to Plaintiff's ability to work because it resulted in an increase in Plaintiff's RFC. Specifically, the ALJ found that as of June 28, 2017, Plaintiff has had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except with the following limitations: Plaintiff can stand for two hours in an eight-hour workday; can walk for two hours in an eight-hour workday; can never push/pull with her right lower extremity; can never climb ladder/rope/scaffolds; can occasionally climb ramp/stairs, balance, kneel, crouch, and crawl; can frequently stoop; must avoid concentrated exposure to hazards; and needs to use a walked only to get to and from the workstation. The ALJ found that as of June 28, 2017, Plaintiff was still unable to perform her past relevant work, but that considering her age, education, work experience, and RFC, there have been jobs that existed in significant numbers in the national economy that she could perform. (*See* ECF No. 14-2 at 32-42.)

## II.     The Court's Review

In this action, Plaintiff asserts that the ALJ did not adequately consider her subjective allegations of pain and physical limitations when he concluded that Plaintiff experienced medical improvement as of June 28, 2017. Overall, Plaintiff asserts that substantial evidence does not support the ALJ's finding that Plaintiff was no longer under a disability as of June 28, 2017.

The Magistrate Judge considered Plaintiff's arguments and ultimately determined

that substantial evidence supports the ALJ's determination that medical improvement occurred as of June 28, 2017. In so determining, the Magistrate Judge outlined the specific evidence considered by the ALJ, along with the reasons provided by the ALJ for the weight given to the evidence, and found that the ALJ complied with the provisions of 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling 16-3p.

In her objections to the Magistrate Judge's Report, Plaintiff asserts:

I. The Report and Recommendation disregards the ALJ's duty to 1) explore all relevant facts and inquire into issues necessary for adequate development of the record and to 2) not rely on the evidence submitted by the claimant if that evidence was inadequate.

II. The Report and Recommendation places too little weight on the ALJ's error in assessing Plaintiff's ability to walk for exercise and fails to demand that the finding that Plaintiff experienced medical improvement in June, 2017, be supported by the record as a whole.

(ECF No. 31 at 1.)

Essentially, as a first objection Plaintiff asserts that Magistrate Judge erred in failing to find that the ALJ needed to more fully develop the record with regard to Plaintiff's handicap placard. Plaintiff states:

The record contains references to a prescription written to Plaintiff for a handicap placard. Though the most recent medical evidence, and indeed the very medical record that the ALJ used to conclude that Plaintiff had experienced medical improvement, from June, 2017, clearly lists a Handicap Placard prescription as a "Current Outpatient Prescription," the Report and Recommendation accepts the ALJ's assertion that the duration of the placard prescription could not be determined. From the Plaintiff's perspective, the answer to the ALJ's question regarding duration is in the record and it is clear that the duration of the placard prescription is unambiguous as it extends at least through June, 2017. Even if the argument is made that its duration is not ascertainable, the fact that the ALJ purportedly took issue with the evidentiary determinability of the placard's duration and whether it derived from an acceptable medical source imports upon the ALJ the duty to develop the record as the exceptions he took against the handicap placard evidence.

7

(ECF No. 31 at 2-3.)

In his decision, the ALJ referred to the October 2016 handicap placard and explained the following:

> I give some weight to the reference to an **October 2016 handicap placard prescription** (11F/3). First, I note the longitudinal record only contains a reference, and not the prescription itself; therefore, it is not known whether it was given by medically acceptable treating source. Additionally, the longitudinal record contains no information relating to the duration of the prescription for the handicap parking placard. Second, this opinion is not couched in functional terms. However, I find that it is generally not inconsistent with the above RFC, regarding the use of the claimant's walker to get to and from the workstation.

(ECF No. 14-2 at 36-37.)

In her Report, the Magistrate Judge reviewed the ALJ's consideration of the handicap placard prescription and found no error in the ALJ's analysis. The Magistrate Judge's Report provides, in pertinent part:

> Plaintiff argues Dr. Whitehead's issuance of a prescription and completion of a form authorizing a handicap placard during her visit on June 27, 2017, refutes the ALJ's finding of medical improvement. However, this record does not reflect issuance of a new prescription and completion of a new form. Included under a section of the record for "Current Outpatient Prescriptions," is a notation of "Handicap Placard" and the following details "Supply prescription to SCDMV with completed form RG-007A." Tr. at 668-69. These are the same notations included in the "Medications at Start of Encounter" section of the December 28, 2016 record. *See* Tr. at 633. The December 2016 and June 2017 treatment records are formatted differently such that the December 2016 record includes start dates for all prescriptions and the June 2017 record does not. *Compare* Tr. at 632-33, with Tr. at 668-69. The December 2016 record includes a "[s]tart" date for the handicap placard prescription of October 19, 2016–six months after her leg amputation. *See* Tr. at 633. The "Current Outpatient Prescriptions" section of the June 27, 2017 record references 11 prescribed medications, as well as prescribed blood glucose testing supplies. *See id.* Nothing in the record suggests all the prescriptions were issued on June 27, 2017. *See generally* Tr. at 667-75. In addition, neither the "Orders Placed" nor the "Medication Changes" sections of the June 2017 record reflect issuance of a prescription

> and completion of a form for a handicap placard on that date. *See* Tr. at 673-74. Because the evidence does not indicate Dr. Whitehead issued a new prescription for a handicapped placard on June 27, 2017, the ALJ reasonably addressed only the original issuance of the prescription for the handicapped placard, and Plaintiff's reliance on issuance of a handicap placard on this date as evidence of continuing disability is unsupported.

(ECF No. 30 at 32-33.)

The Court has considered Plaintiff's objection and the record as a whole, and the Court finds that the Magistrate Judge fully addressed and correctly resolved the issues related to Plaintiff's handicap placard. Specifically, in response to Plaintiff's argument that the ALJ failed to properly consider Dr. Whitehead's issuance of a prescription and handicap placard authorization form during a visit on June 27, 2017, the Magistrate Judge explained that the record does not indicate the issuance of a new prescription or completion of a new form on June 27, 2017. Thus, the Magistrate Judge found that it was reasonable for the ALJ to address only the original issuance of the prescription, and the Court agrees.

Moreover, the Court finds no merit to Plaintiff's argument that the record was not fully developed in this regard. Rather, the Court agrees with the Commissioner that this argument is a red herring. In other words, the record is complete, but it simply does not support a finding that Dr. Whitehead issued a new handicap placard on June 27, 2017.

Finally, the Court notes that, regardless of the foregoing, the ALJ specifically found that the handicap placard was not inconsistent with the RFC regarding Plaintiff's need to use a walker to travel to and from the workstation. It was the ALJ's duty to weigh the conflicting evidence, and the Court finds that substantial evidence supports the ALJ's determination that the handicap placard did not require a more limiting RFC. Thus, the

9

Court finds Plaintiff's objections on this issue without merit.

As her second objection, Plaintiff asserts that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's determination that Plaintiff experienced medical improvement as of June 28, 2017. Plaintiff asserts that the ALJ's finding of medical improvement was "largely centered on an interpretation of a medical record which indicated the Plaintiff walks in response to the question whether she is exercising." (ECF No. 31 at 4.) Plaintiff states: "Though the record is ambiguous as to the intensity, duration and efficacy of Plaintiff's walking, the ALJ characterizes the same as that the Plaintiff walks daily." (*Id.*)

Indeed, in his decision, the ALJ referenced June 2017 notes that "show the claimant exercised by walking daily." (ECF No. 14-2 at 40.) However, Plaintiff is correct that these notes do not include the word "daily." Rather, the notes state "[y]es patient walks" in response to the question "Is the patient exercising?" In her Report, the Magistrate Judge considered this discrepancy but found if the ALJ's addition of the word "daily" was an error, it was harmless, particularly in light of the ALJ's later statement that no one inconsistency or conflict was dispositive.

After review, the Court agrees with the Magistrate Judge that any error in this regard was harmless. First, the ALJ stated in other parts of his decision when addressing Plaintiff's medical improvement simply that Plaintiff indicated "that she walked for exercise" without stating how often Plaintiff walked. (ECF No. 14-2 at 39.) More importantly perhaps, as the Magistrate Judge specifically noted, the ALJ did not rest his finding of medical improvement solely on Plaintiff's ability to walk for exercise. Rather, the ALJ outlined the longitudinal record and found that it showed progression in Plaintiff's ability to

use her prosthesis and get around without an assistive device; and that exams showed normal range of motion and strength, no musculoskeletal tenderness, and only edema, which resolved by the next exam, "all of which would represent medical improvement." (ECF No. 14-2 at 39.) In all, the Court finds that the ALJ conducted the proper analysis and sufficiently explained the evidence supporting his finding of medical improvement and his finding that certain RFC limitations were no longer needed as of June 2017. Plaintiff's objection simply asks the Court to re-weigh the evidence, which is not permitted under the Court's deferential substantial evidence standard of review. Thus, the Court finds Plaintiff's second objection without merit.

## **CONCLUSION**

In conclusion, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her thorough Report. Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 30) and specifically incorporates it in this order; the Court overrules Plaintiff's objections (ECF No. 31); and the Court affirms the Commissioner's final decision.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 19, 2020
Charleston, South Carolina